# CONNELL FOLEY LLP
## ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, NJ 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*†
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN*
EDWARD S. WARDELL
PETER J. SMITH*
WILLIAM P. KRAUSS
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY
MICHAEL J. CROWLEY-
TIMOTHY E. CORRISTON*

PATRICK J. HUGHES*†
JAMES C. MCCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
STEPHEN A. URBAN
CHARLES J. HARRINGTON III†
STEPHEN V. FALANGA*
TRICIA O'REILLY*
ANTHONY F. VITIELLO*†
MARC D. HAEFNER
JONATHAN P. MCHENRY
BRAD D. SHALIT*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
MICHAEL A. SHADIACK
OWEN C. MCCARTHY*
PATRICIA A. LEE*†
AGNIESZKA ANTONIAN*
CHRISTOPHER J. TUCCI†
NEIL V. MODY*
STEVE BARNETT*
THOMAS M. SCUDERI*
JOSEPH M. MURPHY*
NANCY A. SKIDMORE*
CHRISTINE S. ORLANDO

COUNSEL
JOHN W. BISSELL
EUGENE J. CODEY, JR.
FRANCIS J. ORLANDO
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
BRIAN P. MORRISSEY-
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*

DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
HECTOR D. RUIZ*
ROBERT A. VERDIBELLO*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
CHRISTINE I. GANNON*
PHILIP W. ALLOGRAMENTO III*
LAURIE B. KACHONICK*
ANDREW C. SAYLES*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
ANTHONY J. CORINO*
WILLIAM D. DEVEAU*
INGRID E. DA COSTA
MEGHAN BARRETT BURKE*
RUKHSANAH L. SINGH*
BRITTANY E. MIANO*
STACIE L. POWERS*
NICOLE B. DORY*
MICHAEL BOJBASA-
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI*
MELISSA D. LOPEZ
ANDREW L. BARON*

KARIN I. SPALDING*
JODI ANNE HUDSON*
RICHARD A. JAGEN
JASON E. MARX*
JENNA A. CONRAD+
ALEXIS E. LAZZARA
SHANNON L. KEIM
DANIEL B. KESSLER*

JASON D. FALK*
MICHAEL J. SHORTT+
VICTORIA N. MANOUSHAGIAN-
PATRICK J. MURPHY, III*
MEGHAN K. MUSSO*
BRENDAN W. CARROLL*
EDMUND J. CAULFIELD*
SYDNEY J. DARLING*
JESSICA L. PALMER*
NEIL V. SHAH*
STEPHEN R. TURANO*
STEVEN A. KROLL*
ROBERT M. DIPISA*
MATTHEW A. BAKER+
MICHAEL J. CREEGAN*
THOMAS J. BLEWITT, JR.+
BRIAN S. WOLFSON
SONYA B. COLE*
MARY F. HURLEY
DANIELLE M. NOVAK+
JAMES E. FIGLIOZZI-
MATTHEW D. FIELDING
MELISSA L. HIRSCH+
MARIEL L. BELANGER
NICHOLAS W. URCIUOLI

OTHER OFFICES

HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, NJ 07311
(201) 521-1000
FAX: (201) 521-0100

888 SEVENTH AVENUE
9TH FLOOR
NEW YORK, NY 10106
(212) 307-3700
FAX: (212) 262-0050

1500 MARKET STREET
12TH FLOOR,
EAST TOWER
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

LIBERTY VIEW
457 HADDONFIELD ROAD, SUITE 230
CHERRY HILL, NJ 08002
(856) 317-7100
FAX: (856) 317-7117

THE ATRIUM, SUITE E
309 MORRIS AVENUE
SPRING LAKE, NJ 07762
(732) 449-1440
FAX: (732)449-0934

*Also Admitted in New York
+Also Admitted in Pennsylvania
-Only Admitted in New York
PLEASE REPLY TO ROSELAND, NJ

September 17, 2012

**VIA ECF AND REGULAR MAIL**
Hon. Kevin McNulty, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, NJ 07101

Re:   *Montvale Surgical Center a/s/o Susan S. et al. v. Aetna Ins. Co., Inc. et al.*,
      Civ. No. 12-2935 (KM/JAD)

Dear Judge McNulty:

This firm represents Defendant Aetna Life Insurance Company (incorrectly pled as "Aetna Insurance Company") (hereinafter "Aetna") in the above-referenced matter. Please accept this letter-brief in support of Aetna's present motion to consolidate eight later-filed related cases (collectively the "Related Cases") brought against Aetna and others by Plaintiff Montvale Surgical Center, LLC ("MSC") and others, with the above-referenced case for pretrial and discovery purposes only pursuant to Federal Rule of Civil Procedure 42 and Local Civil Rule 42.1.[1] The various Plaintiffs in each of the Related Cases have consented to this motion.

---

[1] The Related Cases are all currently pending in the Newark Vicinage of the District of New Jersey, as follows: (1) *Montvale Surgical Center, LLC a/s/o Christopher K. et al. v. Aetna Ins. Co. et al.*, Civ. No. 12-3676 (SRC/CLW); (2) *Montvale Surgical Center, LLC a/s/o Shawn S. et al. v. Aetna Ins. Co. et al.*, Civ. No. 12-3684 (DRD/PS); (3) *Montvale Surgical Center, LLC a/s/o Joseph K. et al. v. Aetna Ins. Co. et al.*, Civ. No. 12-3687 (KM/MF); (4) *Montvale Surgical Center, LLC a/s/o Robert E. v. Aetna et al.*, Civ. No. 12-3690 (ES/CLW); (5) *Montvale Surgical Center, LLC a/s/o Dorothea Y. v. Aetna et al.*, Civ. No. 12-3733 (CCC/JAD); (6) *Montvale Surgical Center, LLC a/s/o Shirley F. et al v. Aetna Ins. Co. et al.*, Civ. No. 12-3773 (CCC/JAD); (7) *Montvale Surgical Center, LLC a/s/o*

Hon. Kevin McNulty, U.S.D.J.
September 17, 2012
Page 2

## I. BACKGROUND

Aetna removed the above-captioned case, *Montvale Surgical Center a/s/o Susan S. et al. v. Aetna Ins. Co., Inc. et al.*, Civ. No. 12-2935 (KM/JAD) ("*MSC-1*"), to this Court on May 16, 2012. (Not. of Removal; Doc. No. 1; 12-2935). In the *MSC-1* Complaint, MSC describes itself as "an outpatient Ambulatory Surgical Center (ASC) where minimally invasive pain management and podiatry procedures are performed". (*MSC-1* Compl. at ¶ 1). MSC is joined in *MSC-1* by Co-Plaintiffs Montvale Health Associates ("MHA") and In-Balance Health, LLC ("In-Balance") (MSC, MHA and In-Balance collectively are the "*MSC-1* Plaintiffs"). (*Id.* at ¶¶ 2, 3). MHA describes itself as "a health and wellness center specializing in chiropractic, physical therapy, and interventional pain management treatments", while In-Balance describes itself simply as "a chiropractic center". (*Id.* at ¶ 2).

In their Complaint, the *MSC-1* Plaintiffs allege in pertinent part: (1) that they have standing to sue Aetna and named Co-Defendant KPMG Peat Marwick, LLP (improperly pled as "KPMG, LLP") (hereinafter "KPMG") pursuant to an Assignment of Benefits ("AOB") executed by Susan S., the Aetna subscriber at issue; (2) that they are each an "'out-of-network' medical practice"; (3) that they provided "the facilities and treating doctors" for medical procedures performed on Susan S. "including but not limited to Manipulation Under Anesthesia" ("MUA"); (4) that they billed Aetna "usual and customary" fees ("UCR fees") for procedures performed on Susan S.; (5) that Aetna had previously agreed to compensate the *MSC-1* Plaintiffs their UCR fees for the procedures performed on Susan S.; and (6) that Aetna has not done so. (*Id.* at ¶¶ 1-20).

Based upon the foregoing allegations, the *MSC-1* Plaintiffs lodge the following five common law causes of action against Aetna and KPMG: (1) Breach of Contract (against Aetna); (2) Breach of Contract (against KPMG); (3) Promissory Estoppel; (4) Negligent Misrepresentation; and (5) Unjust Enrichment.[2] (*Id.* at ¶¶ 21-48).

On May 16, 2012, Aetna and KPMG filed their answer to the *MSC-1* Complaint, and therein deny all of the *MSC-1* Plaintiffs' allegations in pertinent part. (Ans., Doc. No 3; 12-2935). Further, Aetna and KPMG lodge a variety of affirmative defenses, including that the *MSC-1* Plaintiffs' claims are barred by their failure to exhaust administrative remedies, by the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., by the Doctrine of Set-off, and by the express terms of the benefit plan at issue. (*Id.*).

Between June 18, 2012, and July 11, 2012, Aetna removed the eight Related Cases to this Court.[3] In the Complaint for each Related Case, MSC (sometimes joined by MHA, In-Balance,

---

*Donald J. v. Aetna Ins. et al.*, Civ. No. 12-4285 (KSH/PS); (8) *Montvale Surgical Center, LLC a/s/o Ana J. et al. v. Aetna Ins. et al.*, Civ. No. 12-4286 (KM/JAD).
[2] The *MSC-1* Plaintiffs also lodge a sixth omnibus cause of action against unnamed John Doe Defendants. (*MSC-1* Compl. at ¶¶ 49-50).
[3] During this same period, Aetna also removed the following two cases: (1) *Montvale Surgical Center, LLC a/s/o Thomas S. v. Aetna Insurance Company et al.*, Civ. No. 12-2874 (SDW/MCA); and (2) *Montvale Health Associates a/s/o Christine S. v. Aetna Insurance et al.*, Civ. No. 12-3670 (KM/JAD). With the consent of all Plaintiffs, Aetna does not seek consolidation of these two cases with *MSC-1* and the Related Cases because: (a) the first matter does

Hon. Kevin McNulty, U.S.D.J.
September 17, 2012
Page 3

or others as Co-Plaintiffs)[4] lodges allegations against Aetna (sometimes named with a Co-Defendant)[5] that are nearly identical, word-for-word, as those asserted in *MSC-1*. Thus, the Complaint in each Related Case essentially alleges: (1) that the Plaintiffs at issue have standing to sue Aetna and any named Co-Defendant pursuant to an AOB executed by an Aetna subscriber; (2) that the Plaintiffs are each an "'out-of-network' medical practice"; (3) that the Plaintiffs provided "the facilities and treating doctors" for medical procedures performed on an Aetna subscriber "including but not limited to" MUA; (4) that the Plaintiffs billed Aetna "usual and customary" fees (hereinafter "UCR fees") for procedures performed on an Aetna subscriber; (5) that Aetna had previously agreed to compensate the Plaintiffs their UCR fees for the procedures performed on the Aetna subscriber; and (6) that Aetna has not done so.

Based upon the foregoing allegations, just as in *MSC-1*, the Plaintiffs in the Related Cases lodge a standard battery of common law causes of action against Aetna and any Co-Defendant, generally including: (1) Breach of Contract; (2) Promissory Estoppel; (3) Negligent Misrepresentation; (4) Unjust Enrichment; and (5) an omnibus cause of action against unnamed John Doe Defendants.

Similarly, Aetna and any Co-Defendant have filed nearly identical Answers to the Complaints in the Related Cases, and therein deny all of the Plaintiffs' allegations in pertinent part. Further, just as in *MSC-1*, those Answers lodge a variety of affirmative defenses, including that the Plaintiffs' claims are barred by their failure to exhaust administrative remedies, by the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., by the Doctrine of Set-off, and by the express terms of the benefit plan at issue.

Furthermore, based upon its ongoing investigation of these multiple actions and the underlying claims histories for the plaintiff providers, Aetna plans to file motions to amend its Answers in this matter as well as the eight Related Cases, and assert affirmative counterclaims against MSC. The impending proposed Counterclaims will essentially be identical and involve a similar pattern of billing practices across and beyond the nine named patients in the Complaints. Therefore, the anticipated discovery and pre-trial motion practice relating to these proposed Counterclaims will necessarily overlap, and consolidation of these matters now will streamline both discovery and motion practice and avoid duplication of efforts before four different Magistrate Judges and six different District Judges.

---

not involve allegations against Aetna related to MUAs and does not involve any overpayments by Aetna as to Thomas S.; and (b) the second matter does not name MSC as a Plaintiff and thus is distinct from all the other cases by the absence of any allegations with respect to ASC billing.

[4] In addition to MHA and In-Balance, MSC is joined on two occasions by other Co-Plaintiffs, each appearing in only one case, as follows: the Complaint in *Montvale Surgical Center, LLC a/s/o Dorothea Y. et al. v. Aetna et al.*, Civ. No. 12-3733 (CCC/JAD), names Co-Plaintiff Dr. Anthony Scarpello, described as "a chiropractor" (Compl. at ¶ 3); and the Complaint in *Montvale Surgical Center, LLC a/s/o Ana J. et al. v. Aetna Ins. et al.*, Civ. No. 12-4286 (KM/JAD), names Co-Plaintiff Irby Spine Care, described as "a chiropractic center" (Compl. ¶ 3).

[5] Similar to *MSC-1*, in which KPMG was named as a Co-Defendant because it is the Aetna subscriber's employer, in several of the Related Cases the employer of the Aetna subscriber is named as a Co-Defendant. Aetna's position on this matter, and that of Aetna's employer Co-Defendants, is that the Plaintiffs' claims in each of the nine cases fundamentally address the underlying benefits plan at issue, and therefore the joinder or non-joinder of the employer Co-Defendants does not create a factual distinction amongst the cases.

Hon. Kevin McNulty, U.S.D.J.
September 17, 2012
Page 4

Finally, Aetna notes that all the Plaintiffs in all cases for which consolidation is proposed are represented by the same counsel, Massood & Bronsnick, LLC.

## II.  ARGUMENT

With the consent of the various Plaintiffs, Aetna moves for the consolidation of the Related Cases with *MSC-1* for pretrial and discovery purposes only based upon the common issues of law and fact presented. Federal Rule of Civil Procedure 42(a) states that:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Further, grounded in the foregoing tenets of Fed. R. Civ. P. 42(a), Local Civil Rule 42.1 states in pertinent part that, "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bring the earliest docket number. That motion shall be adjudicated by the Judge to whom that case is assigned."

Applying those Rules here, the Court is expressly vested with the authority to consolidate the 8 other related cases for pretrial purposes with the above-captioned first-filed case, *Montvale Surgical Center a/s/o Susan S. et al. v. Aetna Ins. Co., Inc. et al.*, Civ. No. 12-2935 (KM/JAD) ("*MSC-1*"). Indeed, pursuant to the same two Rules, Judge Linares previously granted a motion to consolidate where the cases in question were "similar enough for consolidation to serve the interests of judicial efficiency, prevent duplicative motion practice, and avoid conflicting decisions of law on the same facts." *Knox v. Samsung Elecs. America*, 2009 U.S. Dist. LEXIS 53685 at *30 (D.N.J. June 24, 2009) (Linares, U.S.D.J.).

Stated simply, the Related Cases should be consolidated with *MSC-1* for pretrial and discovery purposes because the very same efficiencies noted by the Court in *Knox* will be achieved. As explained above, MSC and other Plaintiffs uniformly lodge carbon-copy allegations against Aetna and at times a Co-Defendant, claiming that Aetna failed to properly pay Plaintiffs as out-of-network providers for "medically necessary services" -- i.e., MUAs, and that Aetna owes Plaintiffs the balance of their billed charges. Indeed, but for the Aetna subscriber at issue, the date that the services were rendered, and the dollar value of damages sought, the Complaints in all nine cases are virtually identical word-for-word. Further, each of these cases involves identical threshold legal issues: (1) whether ERISA applies to the Plaintiffs' claims; (2) if it does, whether the Plaintiffs' asserted causes of action are preempted; (3) whether the Plaintiffs have exhausted the administrative requirements under the plans in accordance with ERISA; and (4) whether the Plaintiffs are entitled to full billed charges for out-of-network services under the ERISA plan. There will also likely be summary judgment motions filed with respect to whether the amounts claimed are due and owing under the express terms of the plans. Clearly, those legal issues will be most effectively and consistently addressed via coordinated motion practice before one Court. Indeed, akin to the Court's rationale in *Knox*, absent

2773035-02

Hon. Kevin McNulty, U.S.D.J.
September 17, 2012
Page 5

consolidation, the Related Cases will almost certainly result in duplicative motion practice before different Judges, and therefore, risk conflicting decisions of law on similar facts.

Moreover, the parties agree that coordinated discovery before one Magistrate Judge will be most efficient, and will hopefully preserve the precious resources of both the Court, and the parties. This applies with equal force not only to the allegations in the Complaints and Answers in each of these nine cases, but also to Aetna's impending proposed Counterclaims to be filed against MSC. Plainly, that process, and the discovery scheduling that will follow amendment if granted, virtually necessitates consolidation before one Magistrate Judge.

Finally, though the parties believe coordination of these cases for pretrial and discovery purposes will undoubtedly achieve efficiency, consistency, and economy, the parties agree that each of the Related Cases may need to remain separate for trial, if any, which can be addressed at a later date.

### III.   CONCLUSION

For the foregoing reasons, and with the consent of the various Plaintiffs, Aetna requests that the Court grant its present motion and consolidate the Related Cases with *MSC-1* for pretrial and discovery purposes only. Of course, if Your Honor or Your Honor's staff has any questions related to this consent motion, please don't hesitate to contact me.

Respectfully submitted,

*s/ Edward S. Wardell*

Edward S. Wardell

CC:   Hon. Jerome B. Simandle, C.J.U.S.D.C.
　　　All Counsel of Record (Via ECF)

ESW/pxm