# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o SUSAN S.; MONTVALE HEALTH ASSOCIATES a/s/o SUSAN S.; IN-BALANCE HEALTH, LLC a/s/o SUSAN S., <br><br> Plaintiffs, <br><br> v. <br><br> AETNA INSURANCE COMPANY, INC.; KPMG, LLP, ABC CORP (1-10) (Said names being fictitious and unknown entities), <br><br> Defendants. | Civil Action No. 12-2935 (KM/MCA) <br><br> Lead Case <br> Consolidated With: <br><br> Civil Action No. 12-3676 (SRC/CLW) <br> Civil Action No. 12-3684 (DRD/PS) <br> Civil Action No. 12-3687 (KM/MCA) <br> Civil Action No. 12-3690 (ES/SCM) <br> Civil Action No. 12-3733 (CCC/JAD) <br> Civil Action No. 12-3773 (CCC/JAD) <br> Civil Action No. 12-4285 (KSH/PS) <br> Civil Action No. 12-4286 (KM/MAH) <br><br> **JOINT DISCOVERY PLAN** |

## PLAINTIFF:

Parties: Montvale Surgical Center, Montvale Health Associates and In-Balance Health, LLC a/so Susan S. (collectively "Plaintiffs")

Attorney Appearing: Andrew R. Bronsnick
Firm Name: Massood & Bronsnick LLC
Address: 50 Packanack Lake Road, Wayne, NJ, 07470
E-mail Address: abronsnick@massoodlaw.com
Telephone: 973-696-1900
Fax: 973-696-4211

## DEFENDANTS:

Parties: Defendant Aetna Life Insurance Company (improperly pled as "Aetna Insurance") (hereinafter "Aetna"); and Defendant KPMG, LLP (hereinafter "KPMG") (collectively, "Defendants")

Attorney Appearing: Edward S. Wardell
Firm Name: Connell Foley LLP
Address: 85 Livingston Avenue, Roseland, NJ, 07068
E-mail Address: pmurphy@connellfoley.com
Telephone: 973-535-3500

2851114-01

<u>Fax</u>:                    973-535-9217

1.      Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**<u>Plaintiff's Statement</u>**

Plaintiff, Montvale Surgical Center ("MSC"), is an ambulatory surgical facility, wherein Susan S. ("Susan S.") underwent a series of manipulations under anesthesia ("MUAs").  Susan S. was employed by Defendant, KPMG, LLP ("KPMG"), who maintains a self-funded health insurance plan for its employees and participating family members.  Defendant, Aetna Insurance ("Aetna") is a third party administrator and operates, controls and/or administers the self-funded insurance plan for KPMG's employees.  Montvale submitted its bill to Aetna for the procedures performed herein and to date has been denied reimbursement.

Montvale Health Associates ("MHA") and In-Balance Health,, LLC ("In-Balance") are out-of-network providers who performed the medical treatment to Susan S. at MSC. As out-of network providers, MSC, MHA and In-Balance are entitled to reimbursement at its usual, customary and reasonable rate.  In this case, Aetna denied payment because it considered the MUA treatment administered to Susan S. to be experimental and investigational.  However, the American Medical Association has designated Current Procedural Technology ("CPT") codes for MUAs, which indicates that they are accepted procedures in the medical community.  Montvale submitted appeals for reconsideration of the claim, but Aetna failed to provide a detailed explanation for the denial of payment.

MSC, MHA and In-Balance received written Assignment of Benefits from Susan S., which transferred her contractual and legal rights under the self-funded health policy issued by KPMG and administered by Aetna; therefore Plaintiffs bring the present action.

**<u>Defendant's Statement</u>**

Plaintiff Montvale Surgical Center, LLC ("MSC") purports to be an "outpatient Ambulatory Surgery Center (ASC) where minimally invasive pain management and podiatry procedures are performed."  (Compl. at ¶ 1).  Plaintiff Montvale Health Associates ("MHA") purports to be "a health and wellness center specializing in chiropractic, physical therapy and interventional pain management treatments."  (Compl. at ¶ 2).  Plaintiff In-Balance Health, LLC ("In-Balance") is a "chiropractic office (hereinafter MSC, MHA and In-Balance are collectively "Plaintiffs").  (Compl. at ¶ 3).

Defendant KPMG maintains a self-funded group health benefits plan (the "Plan") organized pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq*.  Defendant Aetna, within the context of this action, serves as claims administrator for the Plan, and administers the Plan pursuant to the terms, limitations, and conditions of the Plan.

In the Complaint, Plaintiffs seek reimbursement for "medical procedures, including but not limited to Manipulation Under Anesthesia" that were purportedly

administered to the named Plan subscriber.  Relatedly, Plaintiffs claim to have standing to bring the claims in the Complaint pursuant to an Assignment of Benefits allegedly executed by the named Plan subscriber.

In the Complaint, Plaintiffs lodge five substantive common-law causes of action against Defendants, including: (1) Breach of Contract (Aetna); (2) Breach of Contract (KPMG); (3) Promissory Estoppel; (4) Negligent Misrepresentation; and (5) Unjust Enrichment.  On May 16, 2012, Defendants filed an Answer to Plaintiffs' Complaint, and therein denied the substance of Plaintiffs' allegations.   Further, in the Answer, Defendants lodged a variety of Affirmative Defenses, notably including the assertions: that Plaintiffs' common-law claims are barred by ERISA; that Plaintiffs failed to exhaust the mandatory administrative remedies established by the Plan; that the benefits Plaintiffs seek are not covered by the Plan; and that Defendants neither owed nor violated any legal or contractual duty to Plaintiffs.

As Your Honor is aware, on September 17, 2012, Aetna filed a motion to consolidate nine related cases in which Montvale Surgical Center is named as a plaintiff, sometimes in tandem with MHA and In-Balance.  On December 18, 2012, Your Honor granted that motion and consolidated the following cases into this case: (1) *Montvale Surgical Center, LLC a/s/o Christopher K. et al. v. Aetna Ins. Co. et al.*, Civ. No. 12-3676 (SRC/CLW); (2) *Montvale Surgical Center, LLC a/s/o Shawn S. et al. v. Aetna Ins. Co. et al.*, Civ. No. 12-3684 (DRD/PS); (3) *Montvale Surgical Center, LLC a/s/o Joseph K. et al. v. Aetna Ins. Co. et al.*, Civ. No. 12-3687 (KM/MCA); (4) *Montvale Surgical Center, LLC a/s/o Robert E. v. Aetna et al.*, Civ. No. 12-3690 (ES/SCM); (5) *Montvale Surgical Center, LLC a/s/o Dorothea Y. v. Aetna et al.*, Civ. No. 12-3733 (CCC/JAD); (6) *Montvale Surgical Center, LLC a/s/o Shirley F. et al v. Aetna Ins. Co. et al.*, Civ. No. 12-3773 (CCC/JAD); (7) *Montvale Surgical Center, LLC a/s/o Donald J. v. Aetna Ins. et al.*, Civ. No. 12-4285 (KSH/PS); (8) *Montvale Surgical Center, LLC a/s/o Ana J. et al. v. Aetna Ins. et al.*, Civ. No. 12-4286 (KM/MAH).  Critically, Plaintiffs' allegations in each of the foregoing nine consolidated cases are based upon Defendants' payment of claims for Manipulation Under Anesthesia.

2.      Have settlement discussions taken place? Yes ___ No **X**.

         If so, when?  _____

         (a)      What was plaintiff's last demand?

                  (1) Monetary Demand: $_____
                  (2) Non-monetary Demand: _____

         (b)      What was defendant's last offer?

                  (1) Monetary offer: $ _____
                  (2) Non-monetary offer: _____

3.      The parties [have _____ - have not **X** ] exchanged the information required by Fed. R. Civ. P. 26 (a)(1).  If not, state the reason therefore.

Defendants forwarded Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) to Plaintiffs in this case on September 13, 2012.  Additionally, Rule 26 Disclosures were exchanged in some of the consolidated cases where, as in this case, a Rule 16 Conference was conducted by the then-assigned Magistrate Judge prior to consolidation.  No discovery has taken place on a consolidated basis.

4.      Describe any discovery conducted other than the above disclosures.

        **None**.

5.      Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.

        **Defendants may seek to file either a consolidated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or a consolidated Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 that addresses the viability of Plaintiffs' claims based upon Manipulation Under Anesthesia**

6.      The parties proposed the following:

        (a)      Discovery is needed on the following subjects:  **Defendants believe that, as Plaintiff's claims are presently structured, discovery in this case should be limited to the Administrative Record.**
        (b)      Should discovery be conducted in phases?  If so, explain.  **No**.
        (c)      Number of Interrogatories by each party to each other party:  **None**.
        (d)      Number of Depositions to be taken by each party: **None**.
        (e)      Plaintiff's expert report due on:  **N/A**.
        (f)      Defendant's expert report due on:  **N/A**.
        (g)      Motions to Amend or Add Parties to be filed by:  **March 1, 2013**.
        (h)      Dispositive motions to be served within **60** days of completion of discovery.
        (i)      Factual discovery to be completed by **May 3, 2013**.
        (j)      Expert discovery to be completed by **N/A**.
        (k)      Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:  **None**.
        (l)      A pretrial conference may take place on **t/b/d by the Court**.
        (m)      Trial by jury or by non-jury Trial?  **Non-Jury**.
        (n)      Trial date: **t/b/d by the Court**.

7.      Do you anticipate any discovery problem(s)? Yes ___ No **X**.

8.      Do you anticipate any special discovery needs (<u>i.e.</u>, videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)?
        Yes ____ No **X**.
        If so, explain.

9.      State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not presently appropriate, explain why and state whether any such procedure       may be appropriate at a later time (i.e., after exchange of pretrial disclosure, after completion  of  depositions, after disposition of dispositive motions, etc.)

>   **This case is not presently appropriate for disposition via any of the forgoing alternative dispute resolution mechanisms.  Given the nature of the parties' claims as currently structured -- i.e., denial of benefits within the ERISA context --       resolution of this matter via dispositive motion practice appears likely.**

10.     Is this case appropriate for bifurcation? Yes _____ No **X**.

11.     We [do _____ do not **X** ] consent to the trial being conducted by a Magistrate Judge.

Dated: February 1, 2013

_____
Andrew R. Bronsnick
Massood & Bronsnick LLC
*Attorneys for Plaintiffs*

*s/ Edward S. Wardell*
Edward S. Wardell
Patrick J. Murphy, III
Connell Foley LLP
*Attorneys for Defendants*
*Aetna Life Insurance Company, and*
*KPMG*